# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, PENLAND, and WEIS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist LIONEL P. SCOTT II**
**United States Army, Appellant**

ARMY 20150595

Headquarters, 7th Infantry Division
Sean F. Mangan, Military Judge
Colonel Robert F. Resnick, Staff Judge Advocate (pretrial)
Lieutenant Colonel James W. Nelson, Acting Staff Judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Jennifer K. Beerman, JA (on brief).

For Appellee: Lieutenant Colonel A.G. Courie, III, JA; Major Melissa Dasgupta Smith, JA; Captain Vincent S. Scalfani, JA (on brief).

22 July 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

WEIS, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his plea, of being absent without leave, in violation of Article 86 Uniform Code of Military Justice, 10 U.S.C. § 886 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to be discharged with a bad-conduct discharge, to be confined for 100 days, and to be reduced to the grade of E-1. The convening authority approved the findings and sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one allegation of error which merits discussion and relief. The matter raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) is mooted by the granted relief. Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate in this case and grant thirty-nine days confinement credit.

## LAW AND DISCUSSION

The convening authority took action 106 days after the sentence was adjudged, but it took sixty-nine additional days after convening authority action for this court to receive the record of trial. The record in this case consists of just one volume—the trial transcript is ninety-five pages. The government provided no explanation for this delay.

There is a presumption of unreasonable delay where a record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action. *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). Post-trial delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the "least defensible" type of post-trial delay and "worthy of the least patience." *United State v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990).

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). We find relief from this court is appropriate. As such this court provides relief in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, the finding of guilty is AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as extends to a bad-conduct discharge, sixty-one days of confinement, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court